UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MUIR PROJECT of EARTH ISLAND INSTITUTE; PLUMAS FOREST PROJECT; and FEATHER RIVER ACTION!,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES FOREST SERVICE; and CHRISTOPHER CARLTON, Forest Supervisor of Plumas National Forest,<br><br>Defendants,<br><br>and<br><br>AMERICAN FOREST RESOURCE COUNCIL, an Oregon non-profit Corporation,<br><br>Proposed Defendant-Intervenor. | No. 2:24-cv-00909-TLN-JDP<br><br>**ORDER** |

This matter is before the Court on Proposed Defendant-Intervenor, American Forest Resource Council's ("AFRC") Motion to Intervene pursuant to Federal Rule of Civil Procedure ("Rule") 24. (ECF No. 15.) Plaintiffs John Muir Project of Earth Island Institute, Plumas Forest Project, and Feather River Action! (collectively, "Plaintiffs") filed a partial opposition. (ECF No. 21.) Defendants United States Forest Service ("Forest Service") and Christopher Carlton (collectively, "Defendants") did not take a position. AFRC filed a reply. (ECF No. 23.) For the foregoing reasons, the Court GRANTS AFRC's motion.

1

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs in this action are three nonprofit and/or volunteer groups that challenge Defendants' alleged failure to prepare an Environmental Impact Statement ("EIS") in violation of the National Environmental Policy Act ("NEPA").  (ECF No. 1 at 2.)  According to Plaintiffs, Defendants were required to prepare an EIS before approving a project to log and burn 217,721 acres of the Plumas National Forest (the "Central/West Slope Project" or the "Project").  (*Id.*)  The stated purpose of the Project is to mitigate wildfire risk to communities and critical infrastructure in the Plumas National Forest through "fuels reduction and other vegetation treatment," and Defendants propose using a variety of methods such as mechanical thinning, prescribed fire, and herbicides.  (*Id.* at 15.)  Plaintiffs allege the Project will have various adverse effects, including destruction of old-growth and mature forests and impacts on native plants, wildlife, and their habitats.  (*Id.* at 3–7.)

On March 22, 2024, Plaintiffs filed a Complaint alleging a single claim for violations of NEPA.  (*Id.* at 20.)  In short, Plaintiffs challenge the validity of the Forest Service's approval of the Central/West Slope Project and seek to enjoin the Project until Defendants comply with NEPA.  (*Id.* at 21–22.)

On August 22, 2024, AFRC filed the instant motion to intervene as a Defendant in this action under Rule 24.  (ECF No. 15.)  AFRC is a regional trade association representing forest product businesses and forest landowners, many of whom are frequent purchasers of timber sales from the Plumas National Forest.  (ECF No. 15-1 at 7; ECF No. 15-2 at 3.)  Many of AFRC's members also base their operations in communities within and adjacent to the Plumas National Forest.  (ECF No. 15-2 at 3.)  Defendants did not file a response, and Plaintiffs filed a partial opposition.  (ECF No. 21.)

## II.  STANDARD OF LAW

"A 'party' to litigation is '[o]ne by or against whom a lawsuit is brought.'"  *U.S. ex rel. Eisenstein v. City of N.Y*, 556 U.S. 928, 933 (2009) (citation omitted).  A person may also "become a 'party' to a lawsuit by intervening in the action."  *Id.*  Rule 24 sets forth the circumstances where a party may intervene in an action.  There are two types of intervention

2

under Rule 24: intervention as of right and permissive intervention.

An applicant for intervention as of right under Rule 24(a)(2) must demonstrate that:

> (1) the intervention application is timely;
>
> (2) the applicant has a "significant protectable interest relating to the property or transaction that is the subject of the action";
>
> (3) "the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest"; and
>
> (4) "the existing parties may not adequately represent the applicant's interest."

*Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).

An applicant for permissive intervention must demonstrate there is: (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question between the movant's claim or defense and the original action. *Blum v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 712 F.3d 1349, 1353 (9th Cir. 2013). "Permissive intervention is committed to the broad discretion of the district court[.]" *Orange Cnty. v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986) (citation omitted). The party seeking intervention bears the burden of demonstrating all requirements have been met. *Alisal Water Corp.*, 370 F.3d at 919. "In determining whether intervention is appropriate, courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention." *Id.*

**III.     ANALYSIS**

AFRC primarily moves for intervention as of right pursuant to Rule 24(a)(2), but it also moves for permissive intervention pursuant to Rule 24(b) in the alternative. (ECF No. 15 at 2–3.) In Plaintiffs' partial opposition, they oppose intervention as of right but not permissive intervention. (ECF No. 21 at 2.) Notably, Plaintiffs do not propose placing any limitations on AFRC's involvement in this action. (*Id.* ("If the Court grants permissive intervention, AFRC would have all the rights it would get through as-of-right intervention.").) Plaintiffs request the Court grant permissive intervention without addressing intervention as of right. (*Id.*) In reply, AFRC argues the Court should address intervention as of right because the Court has discretion to

3

place limitations on AFRC's permissive intervention and the standard of review for a denial of intervention as of right is de novo compared to abuse of discretion for a denial of permissive intervention. (ECF No. 23 at 6.)

As discussed further below, because the Court finds AFRC is entitled to permissive intervention without any limitations, the Court need not and does not address intervention as of right. *See Ceja-Corona v. CVS Pharm., Inc.*, No. 1:12-CV-01868-AWI, 2014 WL 792132, at *2 n.1 (E.D. Cal. Feb. 26, 2014) (declining to address intervention as of right after finding permissive intervention to be appropriate); *Ariz. Democratic Party v. Hobbs*, No. CV-20-01143-PHX-DLR, 2020 WL 6559160, at *1 (D. Ariz. June 26, 2020) (same); *Powers v. McDonough*, No. 2:22-CV-08357-DOC-KSX, 2024 WL 2307490, at *3 n.4 (C.D. Cal. Apr. 5, 2024) (same). AFRC fails to persuade the Court that the existence of different standards of review is relevant at this stage, especially considering that the Court is granting AFRC permissive intervention without limitations. Although Plaintiffs do not oppose AFRC request for permissive intervention, the Court briefly considers each prong of the permissive intervention analysis in turn.

### A. Independent Grounds for Jurisdiction

"The prevailing view of the federal courts is that the claims of permissive Rule 24(b) intervenors must be supported by independent jurisdictional grounds." *Blake v. Pallan*, 554 F.2d 947, 955 (9th Cir. 1977). "This requirement stems . . . from [the] concern that intervention might be used to enlarge inappropriately the jurisdiction of the district courts." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (citing Fed. R. Civ. P. 82). This concern typically arises in diversity cases. *Id.* "Where the proposed intervenor in a federal-question case brings no new claims, the jurisdictional concern drops away." *Id.* at 844. Therefore, "the independent jurisdictional grounds requirement does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new claims." *Id.*

The parties do not address this requirement in their briefing. However, the Court has federal question jurisdiction because Plaintiffs assert Defendants violated NEPA, a federal law. (ECF No. 1 at 4, 20–21.) Because this is a federal question case and AFRC "is not raising new

4

claims," the Court finds the independent grounds for jurisdiction requirement does not apply. *Freedom from Religion Found., Inc.*, 644 F.3d at 844.

B. <u>Timeliness of Application</u>

In determining whether a motion is timely, the Court considers: (1) the stage of the proceeding; (2) any prejudice to the other parties; and (3) the reason for and length of any delay. *Orange Cty.*, 799 F.2d at 537.  A motion is generally considered timely when "made at an early stage of the proceedings, the parties would not have suffered from the grant of intervention at that early stage, and intervention would not cause disruption or delay in the proceedings." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).

Plaintiffs filed their Complaint on March 22, 2024.  (ECF No. 1.)  AFRC filed the instant motion on August 22, 2024.  (ECF No. 15.)  No dispositive motions have been filed or considered in this case, and Plaintiffs do not dispute that AFRC's motion is timely.  (ECF No. 21 at 5.)  Accordingly, the Court concludes AFRC's motion to intervene is timely and will not prejudice existing parties or cause delay within the meaning of Rule 24.

C. <u>Common Questions of Law or Fact</u>

The third factor "requires only that [the proposed intervenor's] claim or defense and the main action have a question of law or fact in common." *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002), *abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011).  Rule 24(b) does not require an intervenor to "have a direct personal or pecuniary interest in the subject of the litigation." *Id.* (citing *SEC v. U.S. Realty & Improvement Co.*, 310 U.S. 434, 459 (1940)).

AFRC argues it seeks to defend the Central/West Slope Project because its members stand to suffer from loss of timber sales if the Project does not proceed.  (ECF No. 15-1 at 15.)  AFRC also filed a proposed answer, which asserts defenses that share common questions of law and fact with the main action.  (ECF No. 17.)  Moreover, Plaintiffs do not dispute that this final requirement is met.  Therefore, the Court finds the main action and AFRC's proposed defense have common questions of law and fact.

In sum, the Court concludes all the requirements of Rule 24(b) are met and GRANTS AFRC's motion to permissively intervene as a Defendant in this action without limitations.

### IV. CONCLUSION

For the reasons set forth above, AFRC's Motion to Intervene (ECF No. 15) is GRANTED as to AFRC's request for permissive intervention. AFRC is ORDERED to file its proposed answer not later than seven (7) days from the electronic filing date of this Order.

IT IS SO ORDERED.

Date: November 8, 2024

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE