ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

READE E. WILSON (ME Bar No. 4992)
Trial Attorney
Natural Resources Section
150 M Street NE
Washington, DC 20002
(202) 598-3546
reade.wilson@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MUIR PROJECT of EARTH ISLAND INSTITUTE; PLUMAS FOREST PROJECT; and FEATHER RIVER ACTION!, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES FOREST SERVICE; and LAURA SCHWEITZER, in her official capacity as Acting Forest Supervisor, Plumas National Forest, <br><br> Federal Defendants, <br><br> and <br><br> AMERICAN FOREST RESOURCE COUNCIL, <br><br> Defendant-Intervenor. | Case No. 2:24-cv-00909-TLN-JDP <br><br> FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (ECF No. 36) |

1

Federal Defendants United States Forest Service and Laura Schweitzer,[1] in her official capacity as Forest Supervisor for the Plumas National Forest, respond to Plaintiffs' First Amended Complaint as follows:

1.      Plaintiffs challenge the United States Forest Service's Community Protection – Central and West Slope Project on the Plumas National Forest in California, alleging violations of the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4370m, the National Forest Management Act ("NFMA"), 16 U.S.C. § 1604, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2).  Dkt. No. 36 ¶¶ 160-164.  The Forest Service approved the Project by Decision Notice/Finding of No Significant Impact dated September 10, 2023 ("Decision Notice 1"), and July 1, 2025 ("Decision Notice 2").

2.      Plaintiffs bring their claims under the limited judicial review provisions in the APA, 5 U.S.C. § 706(2). Dkt. No. 36 ¶ 64. Under the APA, the Court does not "find facts," but reviews the Administrative Record that was before the agency at the time it made the challenged decision to determine whether that Record supports the agency's decision or whether the decision is arbitrary, capricious, or otherwise contrary to law. 5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729 (1985). The Ninth Circuit repeatedly has articulated and enforced the rule that the scope of judicial review of agency action is limited to the administrative record. *See, e.g.*, *Lands Council v. Powell*, 395 F.3d 1019 (9th Cir. 2005); *Northcoast Env'l Ctr. v. Glickman*, 136 F.3d 660, 665 (9th Cir. 1998) ("[J]udicial review of an agency decision not to issue an [environmental impact statement] is generally limited to review

---

[1] Consistent with Federal Rule of Civil Procedure 25(d), the current official is automatically substituted for her predecessor.

of the administrative record at the time the decision was made." (citing *Friends of the Earth v. Hintz*, 800 F.2d 822, 829 (9th Cir. 1986))).

3.    For this reason, judicial review of federal agency action is a unique procedure, different in both nature and scope from the procedures—such as Answers to Complaints—used to find facts and resolve civil actions within the original jurisdiction of the federal district courts. *See, e.g.*, *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579 (10th Cir. 1994) (stating that a "complaint" (and, so, an "answer") was not the appropriate vehicle for initiating judicial review under the APA); Fed. R. Civ. P. 26(a)(1)(B) (listing "an action for review on an administrative record" as a "Proceeding[] Exempt from Initial Disclosure").

4.    The Eastern District of California has adopted Local Rule 261, which provides the Procedure in Actions for Review of an Administrative Record in Non-Social Security Cases.

5.    Under Local Rule 261 and in accordance with the standard for APA review, Federal Defendants deny that the Forest Service's decisions approving the Community Protection – Central and West Slope Project are arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law. The Decision Notices comply with all applicable laws and regulations.

6.    Federal Defendants deny all violations of law alleged, Dkt. No. 36 ¶¶ 160-164, and deny that the Decisions violated NEPA, NFMA, or the APA.

7.    Federal Defendants deny that Plaintiffs are entitled to any of the relief they seek or any relief whatsoever.

8.    Federal Defendants generally deny any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

9.     Federal Defendants also assert the defenses of waiver, failure to exhaust administrative remedies, standing, and failure to state a claim upon which relief may be granted.

10.     Under the Eastern District of California's Civil Rules, this matter should proceed with production of the Forest Service's Administrative Record for Decision Notice 2 within 45 days of the filing of this Answer and then to briefing on the merits of Plaintiffs' challenge to the Project. *See* L.R. 261 (Procedure in Actions for Review on an Administrative Record in Non-Social Security Cases).

Submitted this 12th day of March, 2026,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

*/s/ Reade E. Wilson*
READE E. WILSON
Trial Attorney
Natural Resources Section

*Attorney for Federal Defendants*