*Elisabeth L. Esposito, Bar No. 300983
eesposito@bhfs.com
Christopher R. Guillen, Bar No. 299132
cguillen@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
1415 L Street, Suite 800
Sacramento, California  95814
Telephone:    916.594.9700
Facsimile:    916.594.9701

Attorneys for Defendant-Intervenor
American Forest Resource Council

*Sara Ghafouri, *pro hac vice*
sghafouri@amforest.org
AMERICAN FOREST RESOURCE COUNCIL
700 NE Multnomah Street, Suite 320
Portland, Oregon  97232
Telephone:    503.222.9505
Facsimile:    503.222.3255

Attorneys for Defendant-Intervenor
American Forest Resource Council

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JOHN MUIR PROJECT of EARTH ISLAND INSTITUTE; PLUMAS FOREST PROJECT; and FEATHER RIVER ACTION!, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES FOREST SERVICE; and CHRISTOPHER CARLTON, in his official capacity as Forest Supervisor, Plumas National Forest, <br><br> Defendants, <br><br> and <br><br> AMERICAN FOREST RESOURCE COUNCIL, an Oregon non-profit Corporation, <br><br> Defendant-Intervenor. | Case No. 2:24-CV-00909-TLN-JDP <br><br> **ANSWER OF DEFENDANT-INTERVENOR AMERICAN FOREST RESOURCE COUNCIL TO FIRST AMENDED COMPLAINT** |

AMERICAN FOREST RESOURCE
COUNCIL'S ANSWER TO FIRST                    2:24-CV-00909-TLN-JDP
AMENDED COMPLAINT

50697721

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
1415 L Street, Suite 800
Sacramento, CA 95814

Defendant-Intervenor American Forest Resource Council (Intervenor), by and through its undersigned counsel, answers the First Amended Complaint for Declaratory Judgment and Injunctive Relief of Plaintiffs John Muir Project of Earth Island Institute, Plumas Forest Project, and Feather River Action! (collectively, Plaintiffs) filed on February 27, 2026 (ECF No. 36) as follows:

1.     Plaintiffs allege that in approving the Community Protection–Central and West Slope Project (Project) on the Plumas National Forest in California, the United States Forest Service violated various statutes. *See, e.g.*, ECF No. 36, ¶¶ 5–25, 160–164. Specifically, Plaintiffs allege that Defendants violated provisions of the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 *et seq.*, the National Forest Management Act (NFMA), 16 U.S.C. § 1600 *et seq.*, and the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706. *See id*.

2.     Plaintiffs bring their claims under the limited judicial review provisions in the APA, 5 U.S.C. §§ 701–706. ECF No. 36, ¶¶ 34, 64–66, 161, 164. Under the APA, the Court does not "find facts," but reviews the administrative record that was before the agency at the time it made the challenged decision to determine whether the record supports the agency's decision or whether the decision is arbitrary, capricious, or otherwise contrary to law. 5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985). The Ninth Circuit repeatedly has articulated and enforced the rule that the scope of judicial review of agency action is limited to the administrative record. *See, e.g.*, *Lands Council v. Powell*, 395 F.3d 1019, 1029 (9th Cir. 2005); *Northcoast Envtl. Ctr. v. Glickman*, 136 F.3d 660, 665 (9th Cir. 1998) ("[J]udicial review of an agency decision not to issue an [environmental impact statement] is generally limited to review of the administrative record at the time the decision was made." (citing *Friends of the Earth v. Hintz*, 800 F.2d 822, 829 (9th Cir. 1986))).

3.     Complaints and answers provide allegations that are useful in the court's judicial review.  Because the court does not operate as a fact-finder during APA review, there is no role for an answer—which is a civil litigation tool for determining areas of factual dispute.  *See, e.g.*, *Atieh v. Riordan*, 727 F.3d 73, 76 (1st Cir. 2013) ("Allowing the allegations of a complaint to

AMERICAN FOREST RESOURCE
COUNCIL'S ANSWER TO FIRST                    - 2 -                    2:24-CV-00909-TLN-JDP
AMENDED COMPLAINT

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
1415 L Street, Suite 800
Sacramento, CA 95814

become the focal point of judicial review [in an APA case] introduces an unnecessary and inevitably unproductive step into the process.  The relevant inquiry is—and must remain—not whether the facts set forth in a complaint state a plausible claim but, rather, whether the administrative record sufficiently supports the agency's decision."); *Doe v. U.S. Dep't of Just.*, No. EDCV22855JGBSPX, 2023 WL 5505843, at *13 (C.D. Cal. July 5, 2023) (so stating). As such, judicial review of federal agency action is a unique procedure, different in both nature and scope from the procedures—such as answers to complaints—used to find facts and resolve civil actions within the original jurisdiction of the federal district courts. *See Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579 (10th Cir. 1994); *cf.* Fed. R. Civ. P. 26(a)(1)(B) (listing "an action for review on an administrative record" as a "Proceeding[] Exempt from Initial Disclosure").

4.    The United States District Court for the Eastern District of California has adopted Local Rule 261, which provides the Procedure in Actions for Review on an Administrative Record in Non-Social Security Cases.

5.    Under Local Rule 261 and in accordance with the standard for APA review, Intervenor denies that the Forest Service's decisions approving the Project were arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law.

6.    Intervenor denies all violations of law alleged, including ECF No. 36, ¶¶ 160–164, and denies that the Forest Service violated NEPA, the NFMA, or the APA.

7.    Intervenor denies that Plaintiffs are entitled to any of the relief they seek or any relief whatsoever.

8.    Intervenor admits that it is a regional trade association representing forest product businesses and forest landowners and that this Court granted Intervenor's motion to intervene permissively on November 8, 2024. ECF No. 36, ¶ 36; see ECF No. 24 (Order dated November 8, 2024, ordering that ". . .AFRC's Motion to Intervene (ECF No. 15) is GRANTED as to AFRC's request for permissive intervention.").

9.    Intervenor generally denies any allegations of the Complaint, whether express or

AMERICAN FOREST RESOURCE
COUNCIL'S ANSWER TO FIRST                - 3 -                2:24-CV-00909-TLN-JDP
AMENDED COMPLAINT

50697721

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
1415 L Street, Suite 800
Sacramento, CA 95814

implied, that are not specifically admitted, denied, or qualified herein.

10. Intervenor asserts the affirmative defense of failure to state a claim because Plaintiffs have failed to state a claim upon which relief may be granted.

11. Intervenor also asserts the affirmative defense of waiver/estoppel because Plaintiffs are barred from presenting some or all claims by waiver or estoppel, including due to failure to adequately identify one or more of their claims during the administrative process.

12. Intervenor also asserts the affirmative defense of claim preclusion/res judicata because Plaintiffs' claims were, or could have been, adjudicated in previous litigation in this Court and therefore are barred by issue preclusion (collateral estoppel) or claim preclusion (res judicata).

13. Under the Eastern District of California's Civil Rules, this matter should proceed with production of the Forest Service's administrative record and then to briefing on the merits of Plaintiffs' challenge to the Project. *See* L.R. 261.

Dated: March 12, 2026

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: */s/ Elisabeth L. Esposito*
Elisabeth L. Esposito

AMERICAN FOREST RESOURCE COUNCIL

By: */s/ Sara Ghafouri*
Sara Ghafouri (*pro hac vice*)

Attorneys for Defendant-Intervenor
American Forest Resource Council

AMERICAN FOREST RESOURCE
COUNCIL'S ANSWER TO FIRST        - 4 -        2:24-CV-00909-TLN-JDP
AMENDED COMPLAINT

50697721

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
1415 L Street, Suite 800
Sacramento, CA 95814

**CERTIFICATE OF SERVICE**

I, Elisabeth L. Esposito, hereby certify that on March 12, 2026, I caused the foregoing to be served upon counsel of record through the Court's electronic service system.

Dated this 12th day of March, 2026.

/s/ *Elisabeth L. Esposito*
Elisabeth L. Esposito

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
1415 L Street, Suite 800
Sacramento, CA 95814

AMERICAN FOREST RESOURCE
COUNCIL'S ANSWER TO FIRST                    - 5 -                    2:24-CV-00909-TLN-JDP
AMENDED COMPLAINT

50697721